20-3971-cr
*United States v. Rivers*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           RICHARD J. SULLIVAN,
                     *Circuit Judges,*

---

UNITED STATES OF AMERICA,

                     *Appellee,*                          20-3971-cr

                     v.

JAMES MCCLOUD AND RODNEY GRIFFIN,

                     *Defendants*,

KASSIN RIVERS,

                     *Defendant-Appellant.*

---

1

**FOR DEFENDANT-APPELLANT:**  DAWN M. CARDI, Cardi & Edgar LLP, New York, NY.

**FOR APPELLEE:**  JONATHAN E. ALGOR (David C. James, *on the brief*), Assistant United States Attorneys *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order entered November 17, 2020 by the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Kassin Rivers appeals from an order denying him bail pending trial or, in the alternative, temporary pretrial release pursuant to 18 U.S.C. § 3142(i). We assume the parties' familiarity with the factual and procedural background and the issues on appeal.

Rivers was arrested in August 2018 after being indicted for bank robbery in violation of 18 U.S.C. §§ 2113(a), (d). In April 2020, as the COVID-19 pandemic began to disrupt court operations, Rivers sought pretrial release on the basis of his underlying medical conditions. The District Court denied Rivers's motion after weighing the factors set forth in 18 U.S.C. § 3142(g) and determining that there was no set of conditions sufficient to reasonably assure Rivers's appearance and the safety of the community. The District Court also declined to temporarily release Rivers, noting his asserted medical vulnerabilities were not documented.

In September 2020, as the pandemic continued, the District Court continued Rivers's trial from November 2020 to July 2021. On September 14, 2020, Rivers filed a motion for reconsideration of his bail motion. But the District Court determined that its earlier determination that Rivers was a flight risk and a danger to the community remained unchanged.[1] The District Court again found no "compelling reason" for temporary release under Section 3142(i), explaining that it had "concerns about releasing [Rivers] given the violent nature of the instant offense and his extensive criminal background," despite Rivers's "serious underlying medical conditions." Order dated November 17, 2020 at 5.

---

[1] In reaching its decision, the District Court acknowledged that Rivers had provided "updated medical records[.]" Order dated November 17, 2020 at 2; *see also id.* at 4-5 (discussing medical conditions).

This Court "appl[ies] deferential review to a district court's bail determination and will not reverse except for clear error."[2] Here, we find no clear error in the District Court's predicate factual findings or in its conclusions that Rivers posed a flight risk and a danger to the community. Nor did the District Court abuse its discretion, much less clearly err, in concluding that Rivers's proffered reasons for temporary release were not sufficiently compelling in light of the countervailing factors that led the District Court to deny his bail motion.[3]

## CONCLUSION

We have considered the other arguments raised by Rivers on appeal and found in them no basis for reversal. For the foregoing reasons, we **AFFIRM** the District Court's order dated November 17, 2020 denying Rivers bail pending trial. Rivers's separate motion for bail (Dkt. #19) is hereby **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020) (internal quotation marks and alteration omitted). This "clear error standard applies not only to the factual predicates underlying the district court's decision, but also to its overall assessment, based on those predicate facts, as to the risk of flight or danger presented by defendant's release. . . . We will find clear error only where, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and alteration omitted).

[3] We have not addressed whether clear-error or abuse-of-discretion review applies to a district court's decision on a motion for temporary release under Section 3142(i). *See, e.g.*, *United States v. Bryant*, 827 F. App'x 122, 126 n.3 (2d Cir. 2020) (non-published summary order) (noting "this Court does not appear to have addressed the standard of review on appeal from an order granting or denying temporary pretrial release under 18 U.S.C. § 3142(i), [but] at least two of our sister circuits have reviewed such orders for abuse of discretion"); *but see United States v. Kelly*, 2020 WL 7019289, at *2 (2d Cir. 2020) (non-published summary order) (holding "court did not clearly err in determining that Kelly failed to demonstrate a 'compelling reason' for temporary release" (quoting 18 U.S.C. § 3142(i))). Because we would affirm the District Court's order even under the abuse-of-discretion standard, we decline to reach the question of the appropriate standard of review here.